FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2015 SEP 30 A 9: 15

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ALFREDO R. PRIETO,<br>    Plaintiff,<br>v.<br><br>HAROLD W. CLARKE,<br>    Director, Virginia Department of Corrections,<br><br>EDDIE PEARSON,<br>    Warden, Greensville Correctional Center,<br><br>DAVID ZOOK,<br>    Warden, Sussex I State Prison,<br><br>OTHER UNKNOWN EXECUTIONERS, EMPLOYEES, AND AGENTS,<br>    Virginia Department of Corrections,<br><br>    Defendants. | Civ. Act. No. 1:15-cv-1058<br><br>IMMINENT EXECUTION<br>SCHEDULED FOR<br>OCTOBER 1, 2015<br>AT 9:00 P.M. |

## SUPPLEMENT TO COMPLAINT AND MEMORANDUM OF LAW

In response to a request for any documents related to any attempts to acquire compounded drugs, the Virginia Department of Corrections ("VDOC") represented that such documents "do not exist." After the VDOC revealed that it had been sent compounded pentobarbital by the Texas Department of Criminal Justice ("TDCJ") for use in Mr. Prieto's October 1, 2015, execution, Mr. Prieto requested information about the nature and quality of the drugs the VDOC obtained from the TDCJ. The absence of evidence related to any attempt to acquire compounded drugs, the complexity of assessing the nature and quality of compounded drugs, and the variability of the quality

1

of compounded drugs, caused Petitioner to prepare a Complaint and Memorandum of Law, filed herewith, alleging that the VDOC had introduced an unnecessary risk of substantial harm by proposing to use compounded drugs that had not been subjected to adequate investigation in his execution. Petitioner also prepared an Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed herewith. Petitioner provided these pleadings to the VDOC's counsel yesterday afternoon around 4:45 p.m., and explained that they would be filed in the morning with the U.S. District Court in Alexandria.

Last night at 7:15 p.m., counsel for the VDOC sent a brief letter to Mr. Prieto's counsel. The letter stated it was in response to Mr. Prieto's counsel's letter of September 24, 2015, asking for information about drugs the VDOC intended to use to execute Mr. Prieto by lethal injection. *See* Ex. 1. The letter from counsel for the VDOC does nothing to change Mr. Prieto's claim that use of the compounded preparation purported to be pentobarbital, as part of a three-drug lethal injection protocol, would create a "substantial risk of serious harm" that violates Mr. Prieto's Eighth and Fourteenth Amendment rights.

For example, the letter demonstrates misrepresentation, or, at best, significant misunderstanding about the compounded drugs, supporting Mr. Prieto's allegations that the VDOC is failing to take seriously the risk of using compounded drugs. The letter described that, "[w]ith regard to the efficacy of the drug, Texas has used *this* compounded pentobarbital successfully in 24 executions over the past two years and there have been no issues." Ex. 1 (emphasis added). While the TDCJ may have used compounded pentobarbital for 24 executions, it did not use *this* compounded

pentobarbital, which was mixed in April of 2015. One of the significant issues with compounded preparations is that there is no consistency from one batch to the next—in other words, each new batch is different, because it has been mixed up under different circumstances. The VDOC's statement is particularly concerning given the inexplicably long Beyond Use Date (BUD) assigned to the pentobarbital from the TDCJ. Compounded preparations have much shorter shelf lives than manufactured drugs, and, as described in Mr. Prieto's Complaint and Memorandum, the one-year BUD for the batch of purported pentobarbital obtained by the VDOC is exceptionally long for a compounded high-risk sterile injectable like pentobarbital. The information Mr. Prieto seeks would be essential to understanding the claims of the VDOC that do not add up.

Much of the letter relies on vague and general assertions that are meaningless in terms of understanding the issues that create a risk of serious harm if the purported pentobarbital is used in Mr. Prieto's execution. For example, the VDOC claims a "licensed laboratory" tested the drugs, and the drug "meets the required parameters for compounded drugs." This does not describe where it was tested, what types of tests were run, the results of the tests, whether the VDOC has seen the test results, or whether the purported pentobarbital was tested subsequent to transportation to Virginia (after which testing would be required to determine whether the product remained stable and potent). Similarly, the method of transport is not described, and "temperature appropriate manner," does not provide any information about the actual conditions during transport. Finally, the letter says that the pentobarbital was "legally acquired," but even assuming the drugs were legally acquired in Texas, it strains credulity to claim that

the transport into Virginia of this compounded preparation, purported to be a Schedule II drug, complied with federal and state laws.

The letter provided by the Defendants' counsel supports Mr. Prieto's concerns that the VDOC has recklessly, without diligent investigation or research, obtained a compounded substance it intends to use in his execution on Thursday, October 1, 2015. The letter demonstrates a lack of understanding about the risks inherent in using compounded drugs, and the need for proper oversight, testing, and quality control regarding these drugs that are not subject to the strict FDA-oversight of manufactured pharmaceuticals. Mr. Prieto therefore requests this Court grant his Temporary Restraining Order or Preliminary Injunction, and enjoin the Defendants from proceeding with his execution on October 1, 2015, so that he can pursue appropriate relief to ensure he is not subjected to the substantial risk of serious harm that constitutes cruel and unusual punishment under the Eighth Amendment.

Respectfully Submitted,

*Elizabeth Peiffer*

Elizabeth Peiffer (VSB 71353)
Robert Lee (VSB 37410)
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903-4971
434-817-2970 (phone)
434-817-2972 (facsimile)
epeiffer@vcrrc.org
roblee@vcrrc.org

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2015, a true and correct copy of the foregoing Complaint and Memorandum of Law was served by electronic mail on Richard Vorhis, Section Chief, Correctional Litigation Section, Office of the Attorney General, 900 East Main Street, Richmond, VA 23219, RVorhis@oag.state.va.us.

*Elizabeth Peiffer*
Elizabeth Peiffer

**SUPPLEMENT TO COMPLAINT AND MEMORANDUM OF LAW**
**Exhibit 1**



# COMMONWEALTH of VIRGINIA

*Office of the Attorney General*

Mark R. Herring  
Attorney General

900 East Main Street  
Richmond, Virginia 23219  
804-786-2071  
FAX 804-786-1991  
Virginia Relay Services  
800-828-1120  
7-1-1

September 29, 2015

Elizabeth Peiffer, Esq.  
Virginia Capital Representation  
Resource Center  
2421 Ivy Road, Suite 301  
Charlottesville, VA 22903

    Re:    <u>**Alfredo Prieto, DOC # 1391143**</u>

Dear Elizabeth:

    The Department of Corrections forwarded your letter of September 24, 2015, to this office for response. In such letter you posed a number of questions pertaining to the upcoming execution of Mr. Prieto and requested a response on or before September 29, 2015.

    Mr. Prieto will be executed by lethal injection on October 1, 2015, as per the court order. The Department of Corrections was able to secure pentobarbital from the State of Texas Department of Criminal Justice. The pentobarbital will be used in accordance with the three drug protocol that has consistently been affirmed by the District Courts and the Fourth Circuit. The pentobarbital was legally acquired, transported in a temperature appropriate manner, and the chain of custody was maintained at all times. With regard to the efficacy of the drug, Texas has used this compounded pentobarbital successfully in 24 executions over the past two years and there have been no issues. The drug has been tested by a licensed laboratory and it meets the required parameters for compounded drugs.

    The Department of Corrections takes its duty quite seriously to carry out the execution of Mr. Prieto in a professional, effective and constitutionally acceptable manner. I know, as one of Mr. Prieto's counsels, you share that common goal. I appreciate that you wish to have the necessary information to fully advise your client to alleviate his concerns as well.

    Should you have any questions or concerns, please do not hesitate to contact me at (804) 786-4805.

Sincerely,

Richard C. Vorhis
Senior Assistant Attorney General
Public Safety and Enforcement Division